KING *v.* YUNDT.

[No. 26,198. Filed January 14, 1936.]

*Albert M. Thayer* and *John J. Kelley,* for appellant.

*George L. Diven,* for appellee.

HUGHES, J.—This was an action by the appellee predicated upon §1045, Burns 1926, §4-3615, Burns 1933, §837, Baldwin's 1934. The complaint, among other things, alleges that the appellant is an attorney-at-law, and that on May 7, 1931, he was acting as an attorney for the appellee's brother, and for a niece of appellee in certain causes in the Clinton Circuit Court; that on May 7, 1931, the appellee gave to appellant a check for $120.00 to purchase bonds of the United States Fidelity and Guaranty Company to be used in said cause of action, that said appellant cashed said check and has failed to pay said bond premiums with the money, and has failed and refused to return said $120.00 to the appellant, and wrongfully withholds said sum, although proper demand and notice were given said appellant.

The appellant filed a demurrer to the complaint which was overruled, and refusing to plead further, judgment was rendered against appellant in the sum of $120.00 plus 10% damages, and appellant was ordered to deliver over to the clerk of the court for the use of the plaintiff $132.00 within 20 days, or show cause why he should not be punished for contempt.

The section of the statute above referred to is as follows:

"When an attorney, on request, refuses to deliver over money or papers to a person from whom or for whom he has received them in the course of his professional employment, whether in an action or not, he may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted (or if no action was prosecuted, then by the order of any court of record) to do so, within a specified time, or show cause why he should not be punished for contempt."

414

The only assignment of error which we consider necessary to discuss is the second, and it is as follows:

"The court erred in overruling appellant's amended demurrer to the complaint."

The first reason assigned for cause of demurrer is as follows:

"The court has no jurisdiction of the defendant."

It is to be observed that the original cause of action was filed in the Clinton Circuit Court, and for all that appears from the complaint the action was still pending in that court at the time of bringing this action, which was on December 8, 1931.

The statute says:

". . . he may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted . . ."

The complaint specifically alleges that the proceedings were in the Clinton Circuit Court, and by the express provision of the statute it was that court that under the circumstances had jurisdiction.

The demurrer should have been sustained.

Judgment reversed.